**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL STEINWAY, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR MEDICAL MALPRACTICE

COMES NOW Plaintiff Michael Steinway, by and through his undersigned counsel, and for his Complaint against Defendant, United States of America, alleges as follows:

1. This is a claim under the Federal Tort Claims Act ("FTCA") pursuant to 28 U.S.C. §1346(b) and 28 U.S.C. §2671 et. seq. for personal injuries sustained by Plaintiff Michael Steinway.

2. Plaintiff Michael Steinway is now and was at all times herein mentioned a citizen of the United States and resident of Madison County, State of Illinois.

3. At all relevant times, Plaintiff Steinway received medical care and treatment at John Cochran Veterans' Affairs Medical Center ("VAMC") located at 915 N. Grand Blvd., in the County of the City of St. Louis, State of Missouri, 63106, which is within the judicial district of the Eastern District of Missouri.

## Jurisdiction

4. Pursuant to the FTCA, Defendant has waived sovereign immunity, and this Court has exclusive jurisdiction, over civil actions against the United States for money damages for personal injury caused by negligent or wrongful acts or omissions of any employee of the

1

government while acting within the scope of his employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the place where the act or omission occurred. 28 U.S.C. §1346(b).

5. Jurisdiction of this Court is proper pursuant to 28 U.S.C. §1346(b)(1) and 28 U.S.C. §2671 *et seq*. Employees working at the VAMC were acting within the scope of their employment with the United States of America, by and through the Department of Veterans' Affairs, when they negligently treated or failed to treat Plaintiff Steinway, causing him personal injuries and damages, as more fully set forth below.

6. The negligence occurred in the State of Missouri and Missouri law applies to this action. Missouri Revised Statute § 538.210, creates a statutory cause of action against health care providers for personal injuries sustained under circumstances such as those set forth herein.

7. On April 17, 2020, Plaintiff presented an administrative Federal Tort Claim ("Administrative Claim") with the Department of Veterans' Affairs regarding Plaintiff's personal injury, which was within two years after the claim occurred pursuant to 28 U.S.C. §2401(b). A copy of Plaintiff's Administrative Claim is attached hereto as "Exhibit 1" and incorporated herein by reference.[1]

8. The Department of Veterans Affairs denied Plaintiff's Administrative Claim in its letter dated November 24, 2020, and as such, Plaintiff has exhausted his administrative remedies. A copy of the Denial Letter is attached hereto as Exhibit 2.

---

[1] Plaintiff also submitted a flash drive containing relevant medical records and bills with his claim form.

9. Plaintiff Steinway timely files this suit within six months of the VA's final denial of Plaintiff's Administrative Claim, and has satisfied all conditions precedent to filing this lawsuit pursuant to 28 U.S.C. §2675(a).

## Venue

10. Venue is proper in the United States District Court, Eastern District of Missouri, pursuant to 28 U.S.C. §1402(b) in that the wrongful acts and omissions giving rise to this action occurred at the John Cochran Veterans' Affairs Medical Center, located at 915 N. Grand Blvd., in the county of the City of St. Louis, State of Missouri, 63106, which is within the judicial district of the Eastern District of Missouri.

## General Allegations

11. The VAMC operated as a provider of medical treatment, representing and holding itself out to the public, and in particular, to Plaintiff Steinway, as a health care provider that was able to render services and treatment to patients such as Plaintiff Steinway.

12. At all relevant times, Defendant acted through its agents, servants, and employees, including but not limited to Ammar Nasir, M.D., Andrew Park, M.D., Emily Bahram-Ahi, M.D., and Rose Adex, R.N., B.S.N., along with other members of the discharge team employed by Defendant (hereinafter, the "Discharge Team.")

13. At all relevant times throughout the course of Plaintiff's treatment by the Discharge Team, the Discharge Team was acting within the scope of their employment with Defendant.

14. On May 8, 2018, Plaintiff suffered from unstable angina and was admitted into the VAMC as a patient of Defendant, where he was scheduled for a cardiac catheter procedure for the following day.

15. On May 9, 2018, while a patient of Defendant at the VAMC, Plaintiff underwent cardiac catheterization and coronary angiography while under sedation, anesthesia, and other medications.

16. On May 9, 2018, within just hours of his procedure, Defendant, by and through the Discharge Team, discharged Plaintiff from the VAMC, by himself, while he was still impaired from the sedation, anesthesia, and other medications supplied by Defendant.

17. At the time of Plaintiff's discharge from VAMC, he was still under the influence of sedation, anesthesia, and other medications, such that it was not reasonably safe for him to drive.

18. Prior to discharging Plaintiff, Defendant, by and through the Discharge Team, failed to inform, require, and verify that Plaintiff made safe arrangements for traveling home.

19. Prior to discharging Plaintiff, Defendant, by and through the Discharge Team, failed to implement proper discharge protocol and ensure that Defendant met the criteria to be safely discharged.

20. Upon information and belief, Defendant, by and through the Discharge Team, informed Plaintiff that it would be safe for him to leave the VAMC alone on his motorcycle.

21. On May 9, 2018, just hours after his procedure under sedation and anesthesia, and immediately after being discharged from the VAMC, Plaintiff left the VAMC alone on his motorcycle and attempted to drive home.

22. On May 9, 2018, on his way home from the VAMC, Plaintiff was traveling northbound on Riverview Dr. on his motorcycle when he passed out due to the effects of the sedation, anesthesia, and/or other medications, which caused him to run off the roadway and crash the motorcycle, resulting in serious, permanent injuries.

23. During the course of Plaintiff's medical care by Defendant at the VAMC, Defendant had the duty to use that degree of skill and learning that is ordinarily used by skillful, careful and prudent members of the medical profession in Missouri under similar circumstances.

24. During the medical treatment referenced herein, Defendant, by and through its employees, including but not limited to the Discharge Team, breached their duty to Plaintiff and failed to use the degree of skill, learning, and care ordinarily used under the same or similar circumstances by members of their profession in one or more of the following ways, in that they:

   a) Failed to implement or follow protocol for safely discharging patients, including Plaintiff, who have undergone sedation or anesthesia;

   b) Failed to take proper safety precautions before discharging Plaintiff;

   c) Failed to require and verify that Plaintiff made arrangements for safe transportation home following discharge;

   d) Failed to inform Plaintiff of discharge safety precautions;

   e) Failed to inform Plaintiff that he needed to make arrangements for safe transportation home;

   f) Failed to warn Plaintiff of the risks of driving his motorcycle while still under the influence of sedation, anesthesia, and other medications;

   g) Discharged Plaintiff home before he met discharge criteria;

   h) Discharged Plaintiff on his own, rather than accompanied with another person;

   i) Discharged Plaintiff too quickly following his procedures;

  j) Allowed Plaintiff to leave the hospital on his motorcycle within hours of undergoing a procedure under sedation, anesthesia, and other medications; and

  k) Such other and further acts and omissions as the evidence and discovery will reveal.

25. As a direct and proximate result of one or more of the foregoing acts negligence on the part of Defendant, by and through its agents, servants, and employees while acting in the course and scope of their employment, Plaintiff was involved in a serious, single motorcycle incident due to his impairment from the sedation, anesthesia, and other medications, and suffered permanent injury and disability, including but not limited to a traumatic brain injury, cervical spine fracture, internal bleeding, nerve damage, respiratory failure, infections, and multiple fractures to the neck, nose, tibia, fibula, foot, hands, wrists, thumb and fingers; he was put into a medically induced coma for five days, and was required to undergo multiple orthopedic, vascular, and plastic surgeries, in addition to rehabilitative, occupational, and physical therapy, along with other treatment for his injuries.

26. As a direct and proximate result of Defendant's negligence, by and through its agents, servants, and employees while acting in the course and scope of their employment, Plaintiff was injured and suffered damages. Plaintiff was required to undergo medical treatment and has incurred medical bills for said treatment, and will incur additional medical expenses for treatment in the future. Plaintiff has lost wages, earnings, income and the capacity to earn income, and he will continue to lose wages, earnings, and income and a loss of earnings capacity in the future.

27. As a direct and proximate result of Defendant's negligence, by and through its agents, servants, and employees while acting in the course and scope of their employment, Plaintiff has suffered severe pain and discomfort and will continue to suffer pain and discomfort in the future; his ability to work, labor and enjoy the ordinary pursuits of life has been permanently impaired and diminished and will be diminished in the future; he has suffered mental and emotional anguish, and will continue to suffer the same in the future.

WHEREFORE, Plaintiff Michael Steinway prays for judgment against Defendant United States of America for all of Plaintiff's aforesaid damages in the amount of three million five hundred thousand dollars ($3,500,000.00), together with costs herein expended, and such further relief as the Court deems just and proper.

Respectfully submitted,

**BURGER LAW**

*/s/ Gary K. Burger*
Gary K. Burger, #43478
Genavieve Fikes, #62886
500 N. Broadway, Suite 1860
St. Louis, MO 63102
Phone: (314) 542-2222
Fax: (314) 542-2229
Gary@BurgerLaw.com
genavieve@BurgerLaw.com

*Attorneys for Plaintiff*